IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. DENNIS KENNEDY, | § | |
| | § | #24 |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-95-3777 |
| | § | |
| PAPPAS RESTAURANTS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 11 1995

## ORDER

Michael N. Milby, Clerk

On June 8, 1995, Plaintiff filed this action in state court, claiming racial discrimination and various violations of state law when he was refused service at a restaurant owned by Defendant Pappas Restaurants, Inc. ("Pappas") and ultimately was arrested for trespassing by Defendant Darrell Ward ("Ward"), an off-duty peace officer employed by Pappas to provide security for the restaurant. Defendants promptly removed the action.

On July 26, 1995, Pappas filed its Motion to Dismiss Pursuant to Rule 12 (Docket Entry #5). Plaintiff filed a timely opposition (Dkt. #8), correctly noting that Pappas' Motion was utterly devoid of supporting legal authority. On September 29, 1995, the Court agreed to defer ruling on the Motion to Dismiss until October 20, 1995, to allow Pappas time to brief the Motion (Dkts. #11, 12). Since that time, however, the Court has received no briefing, motions or other correspondence concerning the Motion to Dismiss. Therefore, the Court will consider the Motion to Dismiss as it was originally filed.

Pappas' Motion to Dismiss, which contains no legal authority or other argument, is difficult to address and lacks the form appropriate for civil motion practice in the Southern District of Texas. See Local Rule 6(A)(2) ("Opposed motions shall . . . include or be

accompanied by authority"). Further, review of Plaintiff's Original Petition reveals that Plaintiff sufficiently pleads his federal claims. Specifically, Plaintiff alleges that Defendant Pappas hired Defendant Ward, a deputy constable of Harris County, for the purpose of providing security at a Pappas restaurant. Plaintiff attempted to enter the restaurant. When Ward and a Pappas manager informed Plaintiff the restaurant was closed, Plaintiff "politely" turned to leave. Ward allegedly was not satisfied, "grabbed [Plaintiff], handcuffed him, told him he was under arrest for trespassing and refused to allow [Plaintiff] to leave." Complaint, ¶ 7.

Accepting as true the facts Plaintiff alleges in his complaint, *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), the Court cannot conclude this case warrants dismissal. Plaintiff is a black male, Defendant Ward a white male, and Plaintiff alleges his civil rights were violated under 42 U.S.C. §§ 1981 and 1983.[1] For Plaintiff to succeed in his § 1983 claim, he must show that the actions of Defendant Ward are "fairly attributable" to the state. *See McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523 (3rd Cir. 1994) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753 (1982)). State action may be found if a private party has acted with the help or in concert with state officials. Pappas presumably hired an off-duty peace officer to use the power of the state for security. Therefore, Kennedy states a claim for relief when he alleges that Ward acted "under color of state law" when he arrested Plaintiff. *See, e.g., Salazar v. Luty*, 761 F. Supp. 45, 47 (S.D. Tex. 1991) (Hughes, J.) (off-duty police officer working at school was state actor as he was "hired because of his ability to use his governmental association"). Further,

---

[1] Plaintiff also asserts a claim for § 1985 relief in his First Amended "Petition." However, Pappas' Motion to Dismiss only addresses the merits of the *Original* Petition. Therefore, the Court need not address this latest claim for federal relief.

2

"private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for the purposes of [§ 1983]. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 1605-06 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S. Ct. 1152, 1157 (1966)) (noting that plaintiff will state § 1983 cause of action if "she can prove that a [restaurant] employee, in the course of employment, and a . . . policeman somehow reached an understanding to deny [Plaintiff] service in the store, or to cause her subsequent arrest because she was a white person in the company of Negroes."). Therefore, Plaintiff's § 1983 claim survives Pappas' Motion to Dismiss.

Similarly, Plaintiff states a claim for federal relief pursuant to § 1981, the "equality rights statute" that applies to private relationships. Section 1981 was designed to "prohibit all racial discrimination, whether or not under color of law." *Jones v. Alfred H. Meyer Co.*, 392 U.S. 409, 436, 88 S. Ct. 2186, 2201 (1968). "In order to demonstrate a violation of § 1981, it is only necessary that the plaintiffs show that they were unlawfully denied, by the defendants, one of the rights protected by this statute." *Vietnamese Fishermen's Ass'n v. Knights of the Klu Klux Klan*, 518 F. Supp. 993, 1008 (S.D. Tex. 1981) (McDonald, J.). Section 1981 provides, inter alia, that all persons within the United States have the same right "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." In his complaint, Plaintiff alleges he was denied service by Pappas because of his race, and that Pappas' agent, Defendant Ward, arrested Plaintiff because of Plaintiff's race. These facts, when taken as true, are sufficient to state a claim for relief under § 1981. *See*

*generally Daniel v. Paul*, 395 U.S. 298, 89 S. Ct. 1697 (1969) (analyzing scope of public accommodations provisions); *Georgia v. Rachel*, 384 U.S. 780, 86 S. Ct. 1783 (1966) (noting that black persons could not be arrested for trespass solely because of their race).

Therefore, the Court is of the opinion that Plaintiff states a claim upon which relief can be granted under §§ 1981 and 1983. Because the federal claims survive, this cause will remain in federal court. Further, since Pappas chose to submit its Motion to Dismiss without legal authority, it is unnecessary to address the various state law claims alleged in Plaintiff's complaint. If Pappas wishes to visit such claims, it will have to file a motion for summary judgment, which the Court hopes will contain legal authority.

For these reasons, the Court is of the opinion that Pappas' Motion to Dismiss (Dkt. #5) should be DENIED.

It is so ORDERED. The Clerk shall enter this Order and provide a true copy to all parties.

Signed this 8th day of December, 1995.

John D. Rainey
UNITED STATES DISTRICT JUDGE

4